(10 Misc. Rep. 100.)

PEOPLE ex rel. NOEL v. SMITH et al., Board of Election Inspectors: PEOPLE ex rel. McCARTY v. SAME. PEOPLE ex rel. POTH v. SAME. PEOPLE ex rel. HACKETT v. SAME. PEOPLE ex rel. ROUNTREE v. SAME. PEOPLE ex rel. GREENER v. SAME.

(Superior Court of New York City, Special Term. October, 1894.)

ALIENS—NATURALIZATION—SECONDARY PROOF.
    A person who applies for registration as voter, claiming to be a naturalized citizen, may give secondary evidence of the contents of his naturalization papers, where the papers themselves cannot be found.

Applications by Eugene Noel, Michael McCarty, Henry Poth, Patrick E. Hackett, John Rountree, and John Greener, respectively, for writs of mandamus to Alexander G. Smith and others, constituting the board of inspectors of election in the Twenty-Seventh election district of the Nineteenth assembly district of the city of New York. Writ granted in each case.

Lamb, Osborn & Petty, for relators.
A. G. Smith, for respondents.

McADAM, J. The constitution of the state provides that:

"Every male citizen of the age of twenty-one years, who shall have been a citizen for ten days and an inhabitant of this state one year next preceding an election, and the last four months a resident of the county, and for the last thirty days a resident of the election district in which he may offer his vote, shall be entitled to vote at such election in the election district of which he shall at the time be a resident, and not elsewhere, for all officers that now or hereafter may be elective by the people." Const. N. Y. art. 2, § 1.

It also provides that: "Laws shall be made for ascertaining by proper proofs the citizens who shall be entitled to the right of suffrage hereby established." Id. § 3. Under these provisions, the courts have held that, where a person asking to be registered claims to be a citizen by virtue of the naturalization of his parents, the best evidence of such naturalization would be the original certificate of naturalization, or a duplicate thereof, when it can be obtained. But a party may, in the matter of proving his citizenship, resort to secondary evidence when primary evidence cannot be had. People v. McNally, 59 How. Pr. 500; People v. Pease, 30 Barb. 588. In the case last cited, Judge Allen says:

"The board of inspectors are not judges, nor do they exercise a judicial power in receiving or in counting the votes. They cannot summon witnesses, or impanel a jury, or give the parties interested a hearing. They can examine the proposed elector upon his oath, and there their power and means of judicial investigation cease; and it would be strange indeed if their conclusion should be final as against the state and all interested."

And again he says:

"The elector is made the judge of his own qualifications, and his conscience takes the place of the judgment and decision of every other tribunal for that occasion. The inspectors may probe his conscience, and instruct and advise, but they cannot decide upon his qualifications."

Fraudulent registration, or an attempt to offer to register in any election district by any person not having a right to register therein, is made a felony, and the punishment prescribed for the offense is imprisonment in a state prison. People v. McNally, 59 How. Pr. 500. The supreme court of the United States has held that, where no record of naturalization can be produced, evidence that a person having the requisite qualifications to become a citizen did in fact and for a long time vote and exercise rights belonging to citizens is sufficient to warrant a jury in inferring that he has been duly naturalized as a citizen. Boyd v. Nebraska, 143 U. S. 135, 12 Sup. Ct. 375. Substantially the same rulings have been made by Dugro, J., in People v. Board of Inspectors, N. Y. Law J. Oct. 22, 1889, and by Barrett, J., in People v. Murphy, N. Y. Law J. Oct. 31, 1891; and such is the opinion of the corporation counsel of New York,—the result of which is that if a party applying for registration has the best evidence in his possession, i. e. the naturalization papers, he should produce them; if they cannot be found, secondary evidence of their contents must be received. Such being the law, and the facts presented by the relators bringing their cases within the principles of the adjudications, nothing can be done except to require the respondents to place upon the registry of voters the names of the relators as qualified voters, provided they take the necessary preliminary oath to entitle them to registration; and a mandamus to this effect must issue. If at the time the final writ herein is served the board has adjourned, it may reconvene on election day, or sooner, as may suit the convenience of all concerned, and make the appropriate entries. Mandamus granted.