(21 Misc. Rep. 489.)

### SIMON v. SHERIDAN & SHEA CO.

(Supreme Court, Appellate Term.    October 28, 1897.)

1. JUSTICES OF THE PEACE—ADJOURNMENTS.

Under Consolidation Act, §§ 1362, 1364, relating to adjourments in district courts, and permitting adjournments for more than eight days on defendant's giving a bond, it is not error to refuse any adjournment to procure the attendance of a sick witness, where the party asks for eleven days, and shows that a shorter adjournment would be useless, and does not offer to give an undertaking.

**2. SAME.**

   A different question would be presented if the party applied at the same time for an adjournment not exceeding eight days, and for a commission to take the witness' testimony.

**3. SERVICES OF ATTORNEY—LIABILITY OF ASSIGNOR.**

   An attorney employed to bring suit on a cause of action in the name of the assignee may recover for his services from the assignor, if the assignment was merely nominal, as between the parties to it, and the assignee was the assignor's agent in employing him.

**4. JUSTICES OF THE PEACE—JURISDICTION—FOREIGN CORPORATIONS.**

   Under Code Civ. Proc. § 1780, authorizing action by a resident against a foreign corporation, or by a nonresident, when the cause of action arose in the state, the fact that the defendant in an action on contract in a district court is a foreign corporation does not affect the jurisdiction of the court, if it does not appear that the contract was made out of the state, nor that the plaintiff is a nonresident.

Appeal from Eleventh district court.

Action by Kaufman Simon against the Sheridan & Shea Company. From a judgment in the district court, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

McEwan & McEwan, for appellant.

Kaufman Simon and Charles Goldzier, for respondent.

McADAM, J.   The first ground of error assigned is the refusal of the justice to adjourn the trial, notwithstanding the absence of a material witness.   The return fails to show, except by inference, that any application for an adjournment was made.   Annexed to the return is a certificate from a physician in Jersey City, dated July 30, 1897, that the witness Sheridan was under his treatment for neurasthenia, and would be unable to appear in court for two weeks; also, an affidavit showing the materiality of his evidence, that Sheridan had promised to attend court, that the defendant's counsel had relied on such assurance (Abb. Tr. Brief, p. 5), and that, if an adjournment was had until August 10th, the defendant believed it would be able to procure such attendance.   Ordinarily the proof given would be sufficient to entitle the defendant to an adjournment.   But the difficulty is that the adjournment applied for was one expressly stated to be for eleven days, and the question presented is whether the justice was bound, or even had power, to grant such adjournment.   The statute relating to district courts provides that an adjournment may, in a proper case, be granted for a period longer than eight days, on the execution of an undertaking to the effect that the defendant will pay any judgment that may be recovered against the defendant in the action.   Consolidation Act, §§ 1362, 1364.   Without such an undertaking, the power of the justice to adjourn is limited to eight days. Id. § 1362; Finel. Dist. Ct. Prac. 225, 226.   No such undertaking was offered, and as it would have been idle to grant a shorter adjournment than eight days, in view of the physician's certificate that Sheridan would be unable to attend court within two weeks, it is difficult to hold that the justice erred in denying the application.   If the defendant had, in consequence of the absence of the witness, and his inability to attend, applied for an adjournment for a period not exceeding the statutory limit of eight days, and accompanied the motion by an ap-

plication for a commission to take his testimony in the meantime, a different question would be presented.

The next error assigned is the failure to prove a cause of action. Upon the trial the plaintiff proved satisfactorily that he rendered services as an attorney and counselor at law in prosecuting two accounts belonging to the defendant, the value of which services was clearly established. The claims so prosecuted were assigned by the defendant to Sheridan in his individual right, to enable him, as was supposed, to sue in the courts of this state without inviting the objection that a foreign corporation was attempting to do business herein without the necessary certificate from the secretary of state authorizing it to do so. It is evident that the claims prosecuted really belonged to the defendant, and were put in judgment for its benefit, that Sheridan was acting for the defendant in employing the plaintiff, and that it is liable for the compensation claimed. Sheridan's official connection with the corporation was sufficiently shown, and his acts were within the general scope and apparent sphere of his duties. It was not made to appear that the contract sued on was made out of the state, or that the plaintiff was a nonresident; and hence there is no force in the suggestion, made at the close of the trial, that the court was without jurisdiction, simply because the defendant is a foreign corporation. Code Civ. Proc. § 1780; Maas v. Steamship Co., 19 Misc. Rep. 100, 43 N. Y. Supp. 219. The defendant appeared in the action generally, without tendering any plea to the jurisdiction, or offering any affirmative evidence that at the time the action was commenced it had no office within the city of New York. Indeed, the point as to jurisdiction was not urged upon the argument, and may therefore be considered waived.

The judgment must be affirmed, with costs. All concur.